█ In the Matter of Louis A. De Freitas, Appellant, v Ewald B. Nyquist, as Commissioner of Education of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered September 12, 1973 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the respondent Nyquist, which refused to reinstate petitioner as Superintendent of Schools. Petitioner alleges that he was appointed Superintendent of Schools for the respondent school district on June 25, 1972, for a period of three years. On that date, the board of education adopted the following resolution: "The Board of Education employ Mr. Louis DeFreitas as Superintendent of Schools for District No. 1, Hempstead, New York at an annual salary of $30,000 for a three year period commencing June 28, 1972 and directs such Board or its Chief Executive to execute said contract on the 28th of June, 1972 after reviewing same as a Board." On September 26, the board president handed petitioner a written contract without having submitted the contract to the board for its review, as required by the June 25 resolution. At a meeting on the 26th, the board adopted a resolution rescinding the resolution of June 25. The Commissioner (Nyquist) held that no valid and binding contract had been entered into since it had never been reviewed by the board, as required by the resolution of June 25. Special Term agreed and dismissed petitioner's application

seeking to annul the Commissioner's determination. We concur. Under section 310 of the Education Law, the decision of the Commissioner of Education "shall be final and conclusive, and not subject to question or review in any place or court whatever." Review of the Commissioner's determinations have been allowed only where they may be said to be "purely arbitrary" (Matter of Board of Educ. of City of N. Y. v Allen, 6 NY2d 127, 136). Certainly the determination before us cannot be said to be "purely arbitrary". Since no valid contract had been executed, the September 26 resolution was not a dismissal of petitioner but a rescission of a prior resolution which had not become effective. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.